**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **COLUMBUS, GEORGIA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **4:06-cv-79 (HL)** |
| **EXPEDIA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## ORDER

Defendant removed this matter from the Superior Court of Muscogee County on July 12, 2006, alleging diversity as the basis for federal jurisdiction. Plaintiff filed a Motion to Remand (Doc. 10) on August 11, 2006 arguing the Court lacks subject matter jurisdiction over this action. For the reasons expressed herein, Plaintiff's Motion is granted.

### I. SUBJECT MATTER JURISDICTION AND REMAND

Federal courts have limited jurisdiction and possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down as of September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of

a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Because it is apparent from the Notice of Removal that this case is between citizens of different states and that complete diversity is present here, the Court will not discuss the issue of citizenship further. Thus, the issue becomes the amount in controversy, on which the parties do not agree.

When an action is originally filed in federal court, it is generally a plaintiff's burden to allege, with particularity, the facts necessary to establish jurisdiction, Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000); however, when a defendant seeks to remove an ongoing case from state court to federal court, the defendant bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316,1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). As this case was originally filed in state court, the burden of proving jurisdiction lies with Defendant.

## II. DEFENDANT'S BURDEN

Where a plaintiff makes an "unspecified demand for damages" in a state court complaint, a defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]."

Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In contrast, where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below[$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

Defendant argues that the preponderance of the evidence standard is applicable because (1) Plaintiff "has not and cannot determine the value of its claims" (Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand 3); (2) Plaintiff "is not willing to relinquish its entitlement to a judgment in excess of $75,000" (Id. at 4.); and (3) the total amount in controversy is unspecified as Plaintiff's figure covers "only one of fourteen items of relief sought." (Id. at 5.)

First, contrary to Defendant's assertion, Plaintiff's failure to specify an exact amount supported by evidence in the Complaint does not preclude the use of the legal certainty standard. In Burns, the United States Court of Appeals for the Eleventh Circuit held that the legal certainty standard was applicable where the complaint requested "such sum as the jury determines to be just, lawful and fair, but not more than $45,000.00." 31 F.3d at 1094, 1097. In this case, Plaintiff requested "judgment in its favor and against Defendant, the total on all counts, including statutory penalties and interest, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (Compl. 24.) The language utilized in Burns is no more certain or specific than the language utilized

by Plaintiff in this case. Furthermore, Plaintiff is under no obligation to submit evidence proving the validity of the relief requested. Defendant is attempting to invoke federal jurisdiction, and Defendant is responsible for proving federal jurisdiction.

Second, Plaintiff is not required to limit the amount of damages it will eventually seek in order to have the case remanded to state court. This issue was specifically addressed by the Eleventh Circuit in <u>Burns</u>. In <u>Burns</u>, a district court denied a plaintiff's motion to remand because she refused to agree to never seek more than $49,999.[2] 31 F.3d at 1094. On appeal, the Eleventh Circuit vacated the order and held that a plaintiff seeking remand was not required to agree to recover no more than the jurisdictional amount. <u>Id.</u> at 1095, 1096. Instead, the court placed the burden on the defendant attempting to remain in federal court and required a showing that an award below the jurisdictional amount would be outside the range of permissible awards should plaintiff ultimately prevail. <u>Id.</u> at 1096. Therefore, according to <u>Burns</u>, Plaintiff's reluctance to limit the amount of damages it will eventually seek is irrelevant.

Third, Defendant asserts Plaintiff's alleged damage figure includes only one of the fourteen types of relief sought.[3] According to Defendant, because the total amount in

---

[2]At the time, the amount in controversy required to obtain diversity jurisdiction was any sum over fifty thousand dollars.

[3]Although Plaintiff only asserts six counts, in the prayer section of the Complaint, Plaintiff does request fourteen separate remedies including various declaratory and injunctive relief as well as a catchall provision requesting any other relief as the Court sees fit.

controversy is unspecified, the proper standard is preponderance of the evidence. The Court does not agree. Plaintiff's Complaint asserts six specific counts: (1) Declaratory Judgment, (2) Preliminary and Permanent Injunction, (3) Violations of Occupancy Tax Law and Ordinances, (4) Unjust Enrichment, (5) Constructive Trust, and (6) Equitable Accounting. (Compl. 17, 20, 22, 24, 25, 26.) As noted above, Plaintiff then requests "judgment in its favor and against Defendant, the total on all counts, including statutory penalties and interests, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (Compl. 4.) Therefore, according to the Complaint, the $74,500 figure specifically includes all damages flowing from all six counts. Despite Defendant's assertion to the contrary, Plaintiff specified the total amount in controversy and the legal certainty standard applies. As a result, Defendant must make an affirmative showing that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." Burns, 31 F.3d at 1096.

## III. AMOUNT IN CONTROVERSY

Having determined the proper burden, the Court now turns to the specific evidence provided in this case. Defendant addresses the following items of relief sought by Plaintiff in an effort to prove the amount in controversy exceeds the jurisdictional threshold: (1) the value of all past taxes allegedly due to Plaintiff, (2) the value of all future taxes allegedly due to Plaintiff, (3) statutory interest, (4) statutory penalties, and (5) attorney

fees.

A.  The Value of All Past Taxes Allegedly Due to Plaintiff

Defendant asserts that Plaintiff would be entitled to no less than $75,755 in compensatory damages if it prevailed at trial. According to Defendant, that number is comprised of two separate figures: (1) the total amount of service fees received from bookings at Columbus hotels and (2) the total amount of city tax that allegedly should have been collected on the margin between the wholesale and resale rates.

To support this figure, Defendant submits the Declaration of Douglas Andersen, the Director of State and Local Taxes for Defendant Expedia. Mr. Anderson states he is familiar with the financial information maintained by Defendant Expedia and concludes, presumably based on a review of the relevant data, that should Plaintiff prevail it would be entitled to recover more than $75,000, including statutory penalties and interest. Although Mr. Anderson does not explain how he came to that figure in his Declaration, Defendant does attempt to explain Mr. Anderson's analysis using selected portions of a deposition given by Mr. Anderson on August 23, 2006.   According to Defendant,

> "Mr. Andersen explained that he first determined Expedia's net profits from
> bookings at Columbus hotels. (Id. at 39, 43-44.) Based on his experience,
> he then estimated that 20% – i.e., $60,853 – of Expedia's net profit is
> comprised of service fees. (Id. at 48-49 and Exh. 4 at "Estimated Service
> Fee Exposure as 20% of margin" line items for Corporate, Expedia and
> NCD.)"

(Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand 9.) Defendant then states Mr. Andersen

estimated that the tax liability allegedly due on the margin between the wholesale and resale hotel rates, using a 7% tax rate, is $18,542. Therefore, according to Defendant's explanation, Mr. Andersen calculated the total amount of service fees received from bookings at Columbus hotels, by taking 20% of Expedia's net profits from bookings at Columbus hotels. He then added an estimated tax liability of $18,542 to that number to arrive at a total alleged liability of $75,755.

First, it appears that Defendant and Mr. Andersen fundamentally misunderstand the relief requested by Plaintiff in this lawsuit. In the Complaint, Plaintiff alleges Defendant pays the City of Columbus's hotel/motel tax based on the wholesale price of the room. Plaintiff alleges it is entitled to hotel/motel tax based on the full rental rate charged. Therefore, according to the Complaint, the amount in controversy in this case is simply the amount of tax owed on the difference between wholesale rate and the full rental rate. Plaintiff does not allege it is entitled to any service fees received from bookings at Columbus hotels. Accordingly, that portion of Defendant's damage estimate is irrelevant. Furthermore, it appears from the chart that Defendant's estimated tax liability figure includes estimated tax on bookings at Columbus hotels outside of the statute of limitation applicable to this case. Section 19-120 of the Columbus Code of Ordinances provides as follows:

> (a) Action for tax; time for. At any time within three (3) years after any tax or any amount of tax required to be collected becomes due and payable and at any time within three (3) years after the delinquency of any tax or any amount of tax required to be collected, the director may bring an action in

a court of competent jurisdiction in the name of Columbus to collect the amount delinquent together with interest, court fees, filing fees, attorney's fees and other legal fees incident thereto.

Accordingly, the relevant statute of limitation is three years. As Plaintiff originally instituted this action on May 30, 2006, only the estimated tax on those bookings at Columbus hotels between May 30, 2003 and May 30, 2006 are relevant in determining the amount of controversy in this case.

Second, even assuming Defendant's calculations were based on the amount in controversy at issue in this case, Defendant's conclusory allegations cannot establish to a legal certainty that an award below the jurisdictional amount is outside the range of possible awards should Plaintiff prevail. "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams, 269 F.3d at 1319-20.). Neither Defendant nor Mr. Andersen explain how the estimated tax liability figure was computed. Defendant did provide the Court with a chart listing a series of figures in a column entitled "Contested Tax on Rate Net Revenue;" however, again neither Defendant nor Mr. Andersen set forth the underlying facts that support those figures or explain what data the figures take into account.

B. The Value of All Future Taxes Allegedly Due to Plaintiff

Defendant states the value of all future taxes allegedly due to Plaintiff would

exceed $75,000 over the course of the next five years. According to Defendant,"the monetary value to Columbus of its claimed injunctive relief is the full amount of future hotel/motel taxes resulting from bookings through Expedia." (Def.'d Resp. in Opp'n to Pl.'s Mot. to Remand 11.) Defendant does not currently remit taxes directly to the City of Columbus, instead it forwards an amount of money equal to the amount of tax due on the wholesale rate of the room to the hotel, which in turn remits tax to the City of Columbus. Therefore, Defendant argues that as Plaintiff seeks permanent injunction requiring Defendant to remit taxes to Columbus based on the full rental rate received, and Defendant currently remits no taxes directly to Columbus, the monetary value of the requested injunction is the full value of all future taxes. Based on data from January of 2002 to June of 2006, Defendant contends that it arranges an average $222,300 in bookings at Columbus hotels each year. At the current 7% tax rate, Defendant alleges Plaintiff would be entitled to approximately $15, 561 per year should it prevail. In the alternative, Defendant argues "even if the Court were to find that the value to Columbus is solely hotel/motel taxes on Expedia's margins, this amount would still have significant value." Id. Citing to the same chart referenced above Defendant estimates that Plaintiff would receive more than $4,000 in additional hotel/motel taxes per year.

In determining the amount of controversy for diversity jurisdiction purposes, "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the

injunction were granted." Leonard, 279 F. 3d at 973. According to the Complaint, Plaintiff

seeks an injunction "requiring Defendant to remit hotel/motel taxes to the Director [of

Columbus] as the tax applies to the full value received by Defendant for the rental rate

paid by its customers." (Compl. 25.) Therefore, as Plaintiff already receives taxes, based

on the wholesale rate, from Defendant's bookings at Columbus hotels, the value of the

injunction from Plaintiff's perspective is the difference between the amount of tax due

based on the wholesale rate and the amount of tax due based on the retail rate.

Defendant's assertion that the value of the requested injunctive relief is the full

amount of future hotel/motel taxes from Defendant's bookings at Columbus hotels

because it does not currently remit taxes directly to Plaintiff is disingenuous. Although

Defendant does not directly remit taxes, Defendant does forward tax to Columbus hotels,

which remit the tax to Plaintiff. Whether Defendant directly remits taxes or funnels taxes

through Columbus hotels is irrelevant as Plaintiff clearly does receive hotel/motel tax

revenue from Defendant's bookings. Therefore, the value of the requested injunction is

not the full value of all future taxes.

Moreover, Defendant's contention that Plaintiff would receive approximately

$4,000 in additional hotel/motel taxes per year is again nothing more than a conclusory

allegation. Although Defendant directs the Court to the above-referenced chart for

support, the chart includes no projected estimates of future tax. Furthermore, as discussed

above, Defendant has failed to identify what data was used to calculate the chart's figures,

and the chart includes estimated tax on bookings at Columbus hotels outside of the statute of limitation applicable to this case.

C. Statutory Interest

Defendant also asserts Plaintiff claims approximately $13,682 in statutory interest. According to Defendant, "Section 19-117(b) of the Columbus Code provides that 3/4 of 1% in interest shall be imposed on hotel/motel tax amounts found due." (Def.'d Resp. in Opp'n to Pl.'s Mot. to Remand 10.) Although, Plaintiff did claim the aforementioned statutory interest, the interest calculation proffered by Defendant does not help establish the amount in controversy. Section 1332 of Title 28 of the United States Code provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." Accordingly, the Court cannot consider interest when determining the amount in controversy.

D. Statutory Penalties

Defendant further argues Plaintiff would be entitled to statutory penalties pursuant to O.C.G.A. § 48-13-58(a) if the allegations in the Complaint are proven. According to Defendant, the statute authorizes a penalty of fifty percent of the taxes owed or $37, 877. While Plaintiff may be entitled to recover statutory penalties under the statute cited if it ultimately prevails, Defendant has failed to offer evidence sufficient to establish the amount claimed. As explained above, Defendant offers nothing more than conclusory

allegations regarding the amount of taxes allegedly unlawfully withheld.

E. Attorney Fees

Defendant contends that attorney fees in this case could range between $36,952 and $193,948. In support of these figures, Defendant submits the Declaration of Jerry A. Buchanan. Mr. Buchanan states that he is an attorney in the Columbus area and is familiar with the prevailing rates charged by attorneys in the area. After discussing the number of attorney hours that would be involved should the case proceed to various stages, Mr. Buchanan estimates that the likely range of attorney fees in this case is between $36,952 and $193, 948.

While Mr. Buchanan's opinion is sufficiently supported by comparable data, his attorney fee estimate does not aid Defendant in its attempt to prove to a legal certainty that the amount in controversy in this case is in excess of $75,000. Because Defendant has failed to provide the Court with sufficient proof of any other item of recovery sought by Plaintiff in this case, Defendant must now show that any reasonable fee would alone establish the required amount in controversy. Mr. Buchanan estimates that attorney fees in this case could be as low as $36,952. As Mr. Buchanan's conservative estimate is not enough to satisfy the requisite amount in controversy, Defendant has failed to meet its burden.

**IV. CONCLUSION**

As explained herein, Defendant has failed to make a satisfactory showing that

should Plaintiff prevail on liability, an award below the jurisdictional amount would be outside the range of permissible awards. The Court cannot accept Defendant's estimate of the value of all past taxes allegedly due as it does not accurately represent the amount in controversy in this case and is not factually supported. Likewise, the Court cannot consider Defendant's estimate of the value of all future taxes allegedly due or statutory penalties as both figures are based entirely on Defendant's unsupported estimate of past taxes. Although Defendant did provide the Court with a sufficiently supported attorney fee estimate, that estimate alone is not enough to satisfy the required amount in controversy. Therefore, Plaintiff's Motion to Remand (Doc. 11) is granted and this case is remanded to the Superior Court of Muscogee County, Georgia for lack of subject matter jurisdiction.

**SO ORDERED**, this the 24th day of May, 2007.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs